STATE OF MAINE
PENOBSCOT, SS.

DISTRICT COURT
BANGOR
CIVIL ACTION
Docket No. CV-04-337

FILED AND ENTERED
SUPERIOR COURT
OCT 18 2006
PENOBSCOT COUNTY

James Pelletier,
    Plaintiff

v.

Decision and Judgment

Brandie Lopes,
    Defendant

DONALD L. GARBRECHT
LAW LIBRARY

OCT 25 2006

Hearing on the complaint was held on July 24, 2006. Both parties were present with counsel. The central issue in this case is whether Brandie Lopes' use of two credit cards on accounts established by James Pelletier constituted a gift by Pelletier to Lopes, or a business transaction that obligated Lopes to assume responsibility for paying the debts she incurred. In order to bring clarity to this central issue, at the outset of the trial Pelletier dismissed counts 2 and 5 of his complaint, leaving only his claims for breach of contract (count 1), unjust enrichment (count 3) and promissory estoppel (count 4), and Lopes dismissed her counterclaim.

For the reasons set out below, the court ultimately is unable to attach sufficient credibility to either of the competing accounts of the parties' transaction that would allow it to conclude, with any level of confidence, that one account is more accurate than the other. Because Pelletier bears the burden of proof, his claims therefore fail.

Pelletier and Lopes dated each other for several months in mid-1999. Lopes previously had incurred credit card debt amounting to approximately $14,000 or $15,000. Pelletier made several short-term loans of $1,000 to Lopes, who repaid Pelletier each time within the span of a week. Pelletier then proposed to Lopes that he would open up several credit card accounts by accepting solicitations he received regularly in the mail and that Lopes could transfer her debt to those accounts, which had more favorable interest terms than she was paying on her existing accounts. Lopes did so, and she became an authorized user of the accounts, which were in Pelletier's name. Pelletier

1

learned in 2002 that the accounts were in arrears. Pelletier and Lopes then exchanged a series of emails addressing the question of who was responsible for the outstanding debts. Their dispute remained unresolved and led to the commencement of this lawsuit.

Pelletier's essential contention is that he and Lopes entered into an agreement under which he would open the accounts and Lopes would then bear responsibility to pay off the balances that were created when she paid off her pre-existing loans with the accounts. Lopes argues, on the other hand, that while they were dating, Pelletier assumed those debts and that she is therefore not responsible for paying them off.

Although it stands to reason that one of the parties' accounts of the transaction is true simply because there is no evident third possibility, the evidence simply does not establish, one way or the other, whether Pelletier made an indirect loan, or alternatively whether he gave Lopes a gift when he provided her with access to his two new credit card accounts. Pelletier's position suffers for several reasons.

First, Pelletier expansively explained that he offered to open up the accounts for Lopes' benefit because, he testified, he likes to help people get out of debt. In the circumstances of this case, the court cannot give that testimony weight.

Second, his testimony about the specific terms of the alleged agreement is suspect. Pelletier stated that he and Lopes agreed that she would pay off the credit card account balances within one year and that she would accomplish this result by paying the same amount she had been paying on her other credit card accounts. At most, her monthly payment was $500.[1] Monthly payments at that rate would be clearly insufficient to extinguish the cumulative credit card balances at issue, even with the favorable rates associated with those new accounts, which, according to Pelletier, included no interest for an initial duration. Pelletier testified that Lopes agreed to pay extra amounts on occasion. This, however, is not supported by the evidence, because Lopes' financial situation resulted in the accumulation of significant debt, and it is not reasonable to conclude that Lopes would agree to pay greater amounts that would be sufficient to pay off those debts

---

[1] Lopes testified that she actually had been paying a monthly amount closer to $200. For purposes of the analysis set out in the text, however, the court accepts Pelletier's testimony without resolving the parties' factual dispute on this point.

2

within a year, and it is not reasonable to conclude that Pelletier, who appears to profess some level of financial maturity, would expect her to be able to do so.

Third, several collateral aspects of the evidence suggest that Pelletier made overreaching statements in the context of this transaction. For example, in an email he sent to Lopes, he stated that an attorney advised him that his claim against her was "a 100% winnable and indisputable case. . . ." *See* defendant's exhibit 1. The court has doubts that an attorney would make such an assessment about this case (much less any case). He also represented to Lopes that the attorney advised that she was exposed to an award of punitive damages for breach of contract. *See id.* The court also questions whether any attorney would have made such a statement to Pelletier, because a fundamental precept of Maine law is that punitive damages are not available for breach of contract. *See, e.g., Drinkwater v. Patten Realty Corp.*, 563 A.2d 772, 776 (Me. 1989).

The court's conclusion that Pelletier has not proven his claims is not tantamount to an affirmative finding that Pelletier agreed to pay Lopes' debts as a gift. Problems with Lopes' account preclude such a result. For example, one may wonder whether, in the context of a relationship that appeared to be relatively casual, someone in Pelletier's position would make a gift of the magnitude suggested here by Lopes. Second, during the parties' exchange of emails in 2002, Lopes did not articulate to Pelletier that he absolved her of responsibility for the debts, as one would have expected her to do in that situation.[2] The parties' mutual 2002 proposals under which Lopes would pay the debt were understandable as an effort to bring their dispute to resolution. However, as part of that, one might expect that she would have insisted more vigorously that, despite her willingness to make payments, she was not bound to do so.

Nonetheless, although the court is not affirmatively persuaded by Lopes' argument that Pelletier made clear from the outset that he would take responsibility for her debts, Pelletier's own case, based on three theories of liability, is not sufficiently

---

[2] The court has reservations about the authenticity of an email included in the trial record in which she purports to have made such a statement. *See* defendant's exhibit 2. That putative email has a fundamentally different appearance from others that the parties exchanged, and it does not follow in the sequence of others that the parties agree are genuine.

3

persuasive to justify a finding that Lopes is liable to him for the balances on his credit card accounts.

The entry shall be:

For the foregoing reasons, judgment is entered for the defendant. She is awarded her costs of court.

Dated: October 18, 2006

_____
Justice, Maine Superior Court
sitting in Maine District Court

4

JAMES PELLETIER - PLAINTIFF
1994 BROADWAY
BANGOR ME 04401
Attorney for: JAMES PELLETIER
CHRISTOPHER LARGAY  - RETAINED 09/02/2004
LARGAY LAW OFFICES
293 STATE STREET
BANGOR ME 04401


Attorney for: JAMES PELLETIER
JOSEPH MATTHEW PICKERING  - RETAINED 09/02/2004
LARGAY LAW OFFICES
293 STATE STREET
BANGOR ME 04401



vs
BRANDIE LOPES  - DEFENDANT
864 LEBANON ROAD,
WINTERPORT ME 04496
Attorney for: BRANDIE LOPES
KIRK D BLOOMER  - WITHDRAWN 02/28/2005
BLOOMER LAW OFFICE, PA
326 STATE STREET
BANGOR ME 04401


Attorney for: BRANDIE LOPES
MARVIN GLAZIER  - RETAINED
VAFIADES BROUNTAS & KOMINSKY
23 WATER STREET
PO BOX 919
BANGOR ME 04402-0919

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 09/02/2004

## Docket Events:
09/02/2004 FILING DOCUMENT - COMPLAINT FILED ON 09/02/2004

09/02/2004 Party(s):  JAMES PELLETIER
          ATTORNEY - RETAINED ENTERED ON 09/02/2004
          Plaintiff's Attorney: CHRISTOPHER LARGAY

09/02/2004 Party(s):  JAMES PELLETIER
          ATTORNEY - RETAINED ENTERED ON 09/02/2004
          Plaintiff's Attorney: JOSEPH MATTHEW PICKERING

09/14/2004 Party(s):  JAMES PELLETIER
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/13/2004
          Plaintiff's Attorney:  JOSEPH MATTHEW PICKERING
          FIRST SET OF INTERROGATORIES  & FIRST SET OF DOCUMENT REQUEST.

09/29/2004 Party(s):  BRANDIE LOPES
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 09/17/2004
          SIGNED BY ATTY KIRK BLOOMER, ON BEHALF OF DEFENDANT.